## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **NO. 4:20-CR-00385-SDJ-BD** |
| | § | |
| **KAMRETH JAMISON REAVES** | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

A probation officer petitioned the court for revocation of Kamreth Jamison Reaves's supervised release. Dkt. 3 (sealed). The court will recommend that the petition be dismissed for want of jurisdiction.

### BACKGROUND

Reaves was sentenced to 48 months of imprisonment, followed by three years of supervised release, in April 2018. Dkt. 1-3 at 1–3. His term of supervised release commenced May 22, 2020. Dkt. 3 at 1 (sealed).

In April 2023, a probation officer petitioned the court for a warrant for Reaves's arrest, alleging that Reaves had violated several conditions of his supervised release. Dkt. 3 (sealed). The next day, the court issued an arrest warrant. Dkt. 5 (sealed). Reaves's term of supervised release expired a month later. *See* Dkt. 3 at 1 (sealed). Approximately 21 months passed between the arrest warrant's issuance and execution. Dkt. 11.

After his arrest, Reaves was promptly brought to court for an initial appearance. *Id.*; Minute Entry for Jan. 15, 2025. The docket entry for that proceeding noted that the government would schedule a final revocation hearing "if necessary," and that hearing was eventually set for March 4, 2025. *See* Docket Entry for Jan. 24, 2025. At the hearing, Reaves pled true to all of the petition's allegations but requested that he serve no further term of imprisonment. The government stated that it did not oppose that request.

That unusual course of proceedings led the court to continue the hearing and request jurisdictional briefing. Dkt. 13. In response, the parties filed a joint advisory stating that "[t]he record does not reflect the reason for the delay" between the issuance and the execution of the arrest warrant, and "both parties agree that the Court should find that the Court lacks jurisdiction and dismiss the petition to revoke [Reaves's] supervised release." Dkt. 14 at 1, 4. The joint advisory also noted that, because "there is no evidence that Mr. Reaves has served any sentence over '30 consecutive days,' no time period between issuance and execution of the warrant is tolled." *Id.* at 4 (quoting 18 U.S.C. § 3624(e)).

## LAW

Titled "Delayed revocation," 18 U.S.C. § 3583(i) provides, in relevant part:

> The power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the defendant to serve a term of imprisonment and . . . a further term of supervised release, extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.

In other words, § 3583(i) gives a district court "jurisdiction to revoke a defendant's supervised release during the term of supervised release, or within a reasonable time after the term of supervised release has expired if a summons or warrant regarding a supervised release violation was issued prior to the expiration of the term of supervised release." *United States v. Jackson*, 426 F.3d 301, 304 (5th Cir. 2005); *see also United States v. Barinas*, 865 F.3d 99, 107 (2d Cir. 2017) (stating that § 3583(i) allows a court "a reasonable time beyond the expiration of the supervised-release period where needed to adjudicate charges that a defendant has violated a condition of his supervised release during the supervised-release period").

Tolling under 18 U.S.C. § 3624(e) can also be relevant in this context. That provision states that "[a] term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days."

## DISCUSSION

If the 21-month delay between issuance and execution of the warrant on the petition to revoke Reaves's supervised release had resulted from Reaves's incarceration, the court would need to conduct a tolling analysis under § 3624(e). *See, e.g., United States v. Molina-Gazca*, 571 F.3d 470, 474 (5th Cir. 2009). But Reaves was confined for just two days in connection with his state-court case, *see* Minute Entry for Mar. 4, 2025, so the "unless" clause in § 3624(e) renders that provision inapplicable. The parties agree on that point, Dkt. 14 at 4, and neither side argues that Reaves's term of supervised release was tolled for any other reason. That makes the question of the court's revocation "power"—that is, its jurisdiction—turn on whether the 21-month delay was "reasonably necessary for the adjudication of matters arising before" the expiration of Reaves's term of supervised release under § 3583(i).

That provision plays only a bit part in the single Supreme Court decision that cites it. *Mont v. United States*, 587 U.S. 514, 527 (2019) (focusing on § 3624(e)). And Fifth Circuit precedent likewise provides no relevant guidance. In *United States v. Naranjo*, the court interpreted § 3583(i) to allow an amended petition to raise new allegations years after a term of supervised release had expired because the original petition had been filed, and the newly alleged violations had occurred, during the supervision period. 259 F.3d 379, 383 (5th Cir. 2001) (focusing on the word "a" in the final clause of § 3583(i)). But that is not the scenario presented here, and the other precedential Fifth Circuit opinions that cite § 3583(i) are inapposite, too. *See, e.g.*, *United States v. Juarez-Velasquez*, 763 F.3d 430, 436 (2014) (focusing on § 3624(e)); *United States v. Garcia-Rodriguez*, 640 F.3d 129, 130 (2011) (same); *United States v. Garcia-Avalino*, 444 F.3d 444 (2006) (addressing whether the warrants for the defendant's arrest were defective); *United States v. Jackson*, 426 F.3d 301, 305 (2005) (discussing § 3624(e)); *United States v. English*, 400 F.3d 273, 275–76 (2005) (addressing whether a warrant bearing the wrong name could satisfy § 3583(i)). So the court will look further afield.

The Tenth Circuit's decision in *United States v. Crisler*, 501 F.3d 1151 (2007), is at least somewhat relevant. There, a petition to revoke the defendant's term of probation (rather than

supervised release) was filed on April 5, 2006. *Id.* at 1151. The district court conducted a hearing on the petition on September 5, 2006, but the court held the petition in abeyance for several months. *Id.* During that time, the defendant's term of probation ended. *Id.* at 1151–52. The next month, the court held another hearing and revoked the defendant's probation, stating that it had jurisdiction under 18 U.S.C. § 3565(c), the equivalent of § 3583(i) for delayed revocation of probation. *Id.* at 1152. But the Tenth Circuit reversed, holding that it was not reasonably necessary to delay the revocation hearing until after the expiration of the term of probation, especially when "[t]he record contain[ed] absolutely no reason why the abated revocation proceeding could not have been conducted by the probation-expiration date." *Id.*; *see also United States v. Sherry*, 252 F. Supp. 3d 498, 502, 504 (E.D. Va. 2017) (finding that a 15-month delay was not reasonably necessary under the statutory provision at issue in *Crisler*).

Here, the record does not indicate why the warrant was executed 21 months after it issued and 20 months after Reaves's term of supervised release ended. And as noted, Reaves was held in state custody for just two days. Nothing in the record either suggests that there were matters that required adjudication after his release from state custody or explains why the warrant could not have been executed and the revocation hearing set much sooner. That means the government has not met its burden to establish jurisdiction for the revocation proceeding. *See United States v. Swick*, 137 F.4th 336, 345 (5th Cir. 2025). *Cf. United States v. Montes*, 764 F. App'x 409, 410 (5th Cir. 2019) (finding jurisdiction where "[a]pproximately five and a half weeks elapsed between the date [the] supervised release term expired and the date of the revocation hearing"). The government's agreement with Reaves that the court lacks jurisdiction, Dkt. 14, reflects as much.

## RECOMMENDATION

It is **RECOMMENDED** that the petition to revoke Reaves's supervised release, Dkt. 3 (sealed), be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

\*   \*   \*

Within 14 days after service of this report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to a de novo review by the district court of the findings and conclusions contained in this report only if specific objections are made. *Id.* § 636(b)(1). Failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*; 28 U.S.C. § 636(b)(1) (extending the time to file objections from 10 to 14 days).

So **ORDERED** and **SIGNED** this 20th day of June, 2025.

_____
Bill Davis
United States Magistrate Judge